# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERIC BERNARD SHIELDS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-cv-51-CAS |
| UNITED STATES POSTAL SERVICE, | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Eric Bernard Shields for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary and declaratory relief in this cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., against defendant United States Postal Service ("USPS"). Plaintiff's sole allegation is that the "government cannot justify the departure of the Plaintiff's employment in this case...."

**Discussion**

Upon review of this Court's records, it appears that, in August, 2000, plaintiff brought a Title VII action in this Court against John E. Potter, Postmaster General. *See Shields v. United States Postal Service*, No. 4:00-cv-24-CAS (E.D. Mo.). On March 31, 2003, the Court dismissed the action with prejudice. Plaintiff appealed, and, on November 14, 2003, the Eighth Circuit affirmed the judgment of the District Court. *Shields v. Potter*, No. 03-1973 (8th Cir. Nov. 14, 2003).

On October 12, 2004, plaintiff filed his second action, pursuant to Title VII, asserting that, in the former case, the "[j]udge should have concluded that impartiality might reasonably be questioned, to require his recusal...." *See Shields v. United States Postal Service*, No. 4:04-cv-1377-CAS (E.D.Mo.). Plaintiff sought to relitigate claims previously dismissed. Because the Court's March 31, 2003, dismissal was with prejudice, said action was legally frivolous. *See Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) (dismissal with prejudice operates as rejection of plaintiff's claims on the merits and res judicata precludes further litigation). Plaintiff appealed, and, on April

21, 2005, the Eighth Circuit affirmed the judgment of the District Court. *Shields v. Potter*, No. 05-1485 (8th Cir. Apr. 21, 2005).

In the instant matter, plaintiff seeks again to litigate claims previously dismissed. As above, because the Court's Order of March 31, 2003, dismissed plaintiff's cause of action with prejudice, res judicata precludes further litigation of plaintiff's claims. Accordingly, plaintiff's complaint must be dismissed because it is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 9th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**